IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MICHAEL JOSEPH LLOYD,** *Plaintiffs*, v. **GEORGIA DEPARTMENT OF CORRECTIONS,** *et al.*, *Defendant.* | **CIVIL ACTION NO. 5:19-CV-00353-TES-CHW** |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Michael Joseph Lloyd has filed a document in this Court that was construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1]. However, Plaintiff neither paid the Court's filing fee nor moved the Court for leave to proceed *in forma pauperis*. Therefore, on October 24, 2019, the Court ordered Plaintiff to either pay the filing fee or file a motion for leave to proceed without prepayment of the fee. [Doc. 4]. Plaintiff was given 21 days to comply, and he was warned that failure to fully and timely comply with the Court's orders would result in the dismissal of this case. [*Id.*].

The time for compliance passed with no response from Plaintiff; thus, on December 13, 2019, the Court ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. [Doc. 5]. Plaintiff was given 21 days to respond, and he was again warned that failure to respond would result in the dismissal of his Complaint. [*Id.*]

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, the Court **DISMISSES** his complaint **without prejudice**. See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").[1]

**SO ORDERED**, this 19th day of February, 2020.

s/Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] It is unclear from Plaintiff's Complaint whether the statute of limitations on his claims may have run or is will run in the near future. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). Even if this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered Plaintiff to comply with its orders and instructions on more than one occasion and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam).